# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 1:18-cv-00977-DDD-KMT

JAMES CULICHIA,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

This diversity case was brought by a motorist against his insurance company. After being rear-ended by an alleged underinsured at-fault driver, the motorist claimed, but has been unable to collect, any underinsured motorist benefits for which he contracted and paid premiums. He now seeks damages and statutory penalties for the insurer's failure to pay. Before the Court is the insurer's motion for summary judgment. For the following reasons, the motion is **GRANTED IN PART**.

## I. BACKGROUND

The basic facts relevant to this Order are undisputed.[1] Plaintiff James Culichia carried an underinsured motorist insurance policy with Defendant Safeco

---

[1] Plaintiff has failed to comply with Section III(E)(1)(d) of the Court's Practice Standards for civil cases. Plaintiff has additionally submitted "facts" of his own that are unsupported by citation to the record. *See* Fed. R. Civ. P. 56(e)(2). Despite these failures, the Court has reviewed the record and finds no genuine dispute of fact, only disputes as to the materiality of certain facts.

Insurance Company of America. Pursuant to the policy, Safeco agreed to pay damages caused by an accident with an underinsured motor vehicle if Mr. Culichia were to sustain injuries exceeding the amount he could receive from an at-fault driver, up to the policy limit of $250,000. The policy provides that Safeco has no duty to provide coverage unless (1) it is notified promptly about the accident or loss; (2) Mr. Culichia cooperates with Safeco in the investigation, settlement, or defense of any lawsuit; (3) Mr. Culichia submits, as often as Safeco reasonably requires, to physical examinations by physicians selected by Safeco and examinations under oath; and (4) Mr. Culichia authorizes Safeco to obtain medical and other pertinent records. The policy also states that no legal action may be brought against Safeco until there has been full compliance with the policy's terms.

On March 11, 2015, Mr. Culichia was rear-ended in an automobile crash. The next day, he called Safeco to lodge a claim under the policy. On March 15, Safeco wrote to him:

> We are very sorry to hear about your accident. . . . Please ask your medical providers to send all medical bills from the accident to us[.] . . . If your injury is more serious or your treatment is more extensive than what was originally reported, please contact us as soon as possible. We may need to contact your doctor to ensure that any additional bills or treatments are paid promptly.

On April 28, Mr. Culichia's attorney responded by sending a letter of representation. On May 19, Safeco again requested medical bills and records.

Nearly one year later, on March 2, 2016, Mr. Culichia[2] sent Safeco the police report associated with the accident and requested permission to resolve the claim against the at-fault driver. Safeco consented. On April 15, Mr. Culichia sent Safeco a letter representing that he had settled with the at-fault driver for the driver's policy limits of $25,000, and making a demand for underinsured motorist benefits of $50,000 ("First Demand"). The First Demand did not attach any actual medical bills or records, though it did contain a detailed breakdown of providers, dates, treatments, and expenses totaling $11,259.98. It represented several injuries, including a meniscus tear and sprain in the right knee, neck and back sprains, headaches, left shoulder strain, bicipital tendonitis, right elbow contusion, memory and focus problems, and driving phobia and anxiety.

On May 26, Safeco responded: "After review of the information within our file and the documentation you have provided, we have determined that [you were] adequately made whole by the underlying settlement" with the at-fault driver.[3] Safeco added, however, that it "was willing to re-evaluate this matter if additional documentation is provided. Specifically, we are requesting all medical records from three years prior to the motor vehicle accident, [and] records from your [ ] Emergency Room treatment." From June 30 to December 17, 2016, Safeco sent six

---

[2] For ease of reference, communications and documents sent to Safeco by Mr. Culichia's attorney will be described as if sent directly from Mr. Culichia.

[3] Even though it maintained that Mr. Culichia had been made whole, Safeco did set aside $17,000 as a reserve of potential liability on his claim.

3

more letters,[4] each indicating its willingness to re-evaluate its decision if Mr. Culichia provided documentation. On January 30, 2017, it sent another letter informing him that his file was being inactivated but stating it would reopen and re-evaluate the claim if necessary. Mr. Culichia did not respond to these letters.

On December 4, 2017—thirty-two months after the accident and twenty-one months after the First Demand—Mr. Culichia submitted a supplemental demand letter, this time indicating that the accident had caused him traumatic brain injury that limited his ability to experience pleasure, triggered mood swings, and reduced his motivation. He requested that Safeco pay him the policy limit of $250,000 ("Second Demand"). On December 28, Safeco requested complete copies of testing data and associated studies from scans and neurological and neuropsychological evaluations; an executed medical authorization form; and the opportunity to obtain Mr. Culichia's statement.

On January 4, 2018, Mr. Culichia wrote:

> Enclosed please find a disc containing the data you requested from Cerescan. The other diagnostic studies have been requested and will be forwarded upon receipt. As far as Dr. Helffenstein's actual testing data, it cannot be provided by Dr. Helffenstein without an Order of the Court. It can be forwarded directly to another expert.

On February 4, Safeco requested that Mr. Culchia have the testing data sent to its retained neuropsychologist, Dr. Suzanne M. Kenneally. On February 21, Mr. Culichia responded that the data was ready for transmittal, but he requested that

---

[4] Dated June 30, August 8, September 28, October 24, November 23, and December 17, 2016.

4

Dr. Kenneally complete all testing prior to receipt of the raw data "to avoid any problems with manipulation of tests of your insured." On February 22, Safeco clarified that it needed a professional to review the records and raw testing data to provide an opinion. On February 23, Mr. Culichia responded that he did not have an issue with undergoing an independent medical exam later. But because he believed the statute of limitations was about to run on March 11, 2018, he requested a tolling agreement, which Safeco said was a "very good idea."

On March 1, 2018, without further response, Mr. Culichia filed this lawsuit against Safeco in the Colorado District Court for Denver County. Prior to filing, he never produced the actual neurological test data upon which he based his traumatic brain injury claim. On April 25, Safeco removed the case here on diversity of citizenship grounds.[5] *See* 28 U.S.C. §§ 1332, 1441(a), and 1446. The Amended Complaint contains two causes of action. First, Mr. Culichia seeks $250,000 for alleged unreasonable delay or denial of underinsured motorist benefits under the policy. Second, he claims up to two times the covered benefit as statutory damages under Colo Rev. Stat. § 10-3-1116, which provides that a claimant "whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."[6]

---

[5]     Mr. Culichia is a resident of Colorado. Safeco is incorporated under the laws of New Hampshire and maintains its principle place of business in Massachusetts. (*See* Am. Compl., Doc. 4, at 4–5.)

[6]     Mr. Culichia calculated his actual damages, in the scheduling order, as $2,701,993.43. (Doc. 18, at 7.)

5

During discovery, the parties had a dispute of some significance. Mr. Culichia underwent a mental examination on August 1, 2018 and had agreed to a physical examination on November 9, 2018. *See* Fed. R. Civ. P. 35(a)(1). But four days before the physical examination, he refused, arguing that Safeco should not be able to cure its alleged delay or denial of benefits by obtaining an independent medical exam during discovery. (*See* Doc. 27, at 1; *see also generally* Doc. 29.) Safeco moved to compel, and Magistrate Judge Kathleen M. Tafoya granted the motion. (Doc. 31.) In her order, she opined:

> Unfortunately, *because of Plaintiff's twenty-one-month delay* in submitting his supplemental medical records and renewed demand to Safeco, the statute of limitations became an issue and Plaintiff was forced to file suit on March 1, 2018 while the claim was under investigation by Safeco. At that time, there is no question that Plaintiff's December 4, 2018 renewed claim based on new information and new medical records and evaluations was actively being investigated by Safeco and the claim had not been denied. . . . To deny Safeco the opportunity to fully examine the Plaintiff and explore the new medical evidence would be manifestly unfair simply because Plaintiff himself delayed evaluation and treatment and almost allowed his statute of limitations to run out.

(*Id.* (emphasis in original).) She further found that "whether or not Safeco refused to enter into a tolling agreement with Plaintiff after Plaintiff's own unexplained delay in seeking additional treatment for fifteen months is completely irrelevant." (*Id.* at n.1.) On June 4, 2019, Mr. Culichia had a physical examination. The discovery period otherwise closed on April 8, 2019. The deadline for dispositive motions was July 31, 2019. On July 18, 2019, Safeco filed the instant, and only, motion for summary judgment, which is ripe for review by the Court.

## II. ANALYSIS

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.* If a reasonable juror could not return a verdict for the nonmoving party, summary judgment is proper, and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the moving party bears the burden of demonstrating no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145.

In deciding whether the moving party has carried its burden, courts do not weigh the evidence and instead must view it and draw all reasonable inferences from it in the light most favorable to the nonmoving party. *Adamson*, 514 F.3d at 1145. But neither unsupported conclusory allegations nor mere scintillas of evidence are sufficient to demonstrate a genuine dispute of material fact on summary judgment. *Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284, 1291 (D. Colo. 2009). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, a court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

7

Mr. Culichia's breach of contract and statutory claims are both premised on alleged unreasonable delay or denial of benefits. Safeco, in its motion, argues that both claims fail because Mr. Culichia did not satisfy the policy's conditions precedent. Safeco further submits that the claim for unreasonable denial of insurance benefits is untenable because it was actively investigating his claim when he filed suit. Mr. Culichia responds by noting he submitted to medical examinations and provided records after the initiation of this lawsuit. He blames Safeco for "wait[ing] two and a half years" to make certain documentary and examination requests. He argues he did everything possible to comply with the policy before he believed the statute of limitations would run.

In cases, like this one, based on diversity jurisdiction over state-law claims, a federal court applies the substantive law of the state in which it sits. *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). The proper construction of unambiguous contracts, including insurance policies, is a question of law. *U.S. Fid. & Guar. Co. v. Budget Rent-A-Car Sys., Inc.*, 842 P.2d 208, 211 (Colo. 1992). To succeed on a claim for breach of contract, a plaintiff must show: (i) the existence of a binding agreement; (ii) the plaintiff's performance of its obligations (or some justification for its non-performance); (iii) the defendant's failure to perform its obligations; and (iv) resulting damages. *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1243 (D. Colo. 2013) (citing *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

The parties' dispute centers on the middle two of these factors. Safeco points out that its obligation to pay, should a covered injury occur, does not arise unless and until its insured supplies it with medical records and undergoes a physical examination upon demand. Under Colorado law, "performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused." *Jensen v. Am. Family Mut. Ins. Co.*, 683 P.2d 1212, 1214 (Colo. App. 1984) (quoting Restatement (Second) of Contracts § 225(1)); *see also Harris v. Allstate Ins. Co.*, No. 09-CV-01953LTBMJW, 2010 WL 2543560, at *4 (D. Colo. June 22, 2010) (granting summary judgment on breach of contract claim for failure of the plaintiff to comply with a condition precedent to payment).

Both *Jensen* and *Harris* involved an insurer's non-payment pursuant to insurance policies. In *Jensen*, the Colorado Court of Appeals affirmed a jury verdict for an insurer on a claim for willful and wanton failure to pay benefits. The jury's findings that the company's requests for a physical examination were reasonable and that the insured had refused to comply with that condition precedent barred recovery by the insured. 683 P.2d at 1213–14. In *Harris*, which the parties here both discuss, this Court entered summary judgment for an insurer on both bad faith and breach of contract claims when its insured had refused to authorize release of medical records and did not submit to a medical examination, each of which were required conditions precedent to coverage under the relevant policy. No. 09-cv-01953-LTB, 2010 WL 2543560, at *4 (D. Colo. June 22, 2010).

Here, the Court, as an initial matter, construes the claims in this case as being asserted with respect to injuries outlined in the Second Demand. Mr. Culichia does not argue that Safeco's initial response to the First Demand was a breach or unreasonable. His eighteen-month silence following the May 26, 2016 letter tacitly confirms this. And to the extent any distinctly First-Demand claims could be implied from the Amended Complaint (which does not divide Safeco's conduct into two distinct alleged denials), such claims would fail, just as the claims in *Jensen* and *Harris*, for Mr. Culichia's non-compliance with the policy's conditions precedent. There is no question that he did not supply Safeco with any medical bills or records in connection with the First Demand.

The question therefore is whether there has been any undue delay or denial of payment with respect to the Second Demand. As Magistrate Judge Tafoya noted in her order compelling a Rule 35 examination, at the time Mr. Culichia filed this case, his "renewed claim based on new information and new medical records and evaluations was actively being investigated by Safeco and the claim had not been denied." The circumstances reflected by this summary have not changed.

Mr. Culichia still fails to present facts showing his demands have been denied, and he cannot recover damages for an allegedly wrongful denial of benefits when there has been no denial. *See, e.g.*, *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008). To the extent they are related to Safeco's assessment of the Second Demand, Mr. Culichia's claims therefore appear unripe for adjudication. *See Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1065 (10th Cir. 2012)

10

("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted)))). And although Safeco makes no argument to this effect, the lack of a live dispute with respect to denial of this claim implicates the Court's subject matter jurisdiction, which the Court must assess sua sponte. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995); *see also Vista Pointe Townhome Ass'n Inc. v. Auto-Owners Ins. Co.*, No. 16-cv-0973-MSK-NYW, 2018 WL 1773407, at *4 (D. Colo. Apr. 13, 2018) (dismissing breach of contract claim against insurer without prejudice for lack of subject-matter jurisdiction where the claim was predicated on anticipation that the insurer would not pay and there had been no concrete refusal).

If the claims are properly before the Court, Safeco is correct that there is no genuine issue of material fact that it breached any contractual obligation at the time of filing. Nearly two years after denying the First Demand, and having sent eight unanswered follow-up letters, each requesting additional documentation, Safeco turned its attention to the revised Second Demand the same month it received notice of the significantly more serious injuries alleged by that demand. Safeco then sought, as was its right under the policy, complete copies of all relevant medical records and an examination. Mr. Culichia's notion that Safeco did "no investigation for two and a half years" forgets that, in the first of those years, he made no concrete claim at all, and in the second eighteen months, he provided none

11

of the documentation the policy required him to supply in order to trigger a duty by Safeco to pay. Thereafter, up until this lawsuit commenced, Mr. Culichia still had not provided the necessary papers. During all this time, unarmed with materials, Safeco had no practical ability, and more importantly, no contractual or statutory duty to investigate. Safeco is not, at this time, liable to Mr. Culichia for any unreasonable pre-suit delay in responding to the Second Demand. Safeco is obligated to investigate and assess the information it has been provided since the suit was filed, and there is no evidence that it is not doing so. So, Safeco's conduct before or since the filing of this case does not suggest it has breached any duty under its agreement.

Finally, the Court makes no comment as to whether its partial judgment in favor of Safeco forecloses Mr. Culichia's ability to bring similar claims should the company unreasonably delay or deny him benefits in relation to this accident. It is not convinced, there having been no denial of the Second Demand, that the parties' assumption regarding the statute of limitations deadline for filing was correct. *See, e.g.*, *Cork*, 194 P.3d at 427–28. The Court merely decides that, as presented and at the time of filing, Mr. Culichia's denial and delay claims fail as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Safeco's motion for summary judgment (Doc. 43) is **GRANTED IN PART**.[7] The Amended Complaint (Doc. 4) is **DISMISSED WITHOUT PREJUDICE**.

Dated: September 18, 2019.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

---

[7] The motion is granted "in part" to the extent Safeco sought dismissal with prejudice. Though the motion does not specify whether it seeks dismissal with prejudice, the Court infers that it does from the arguments advanced.